1

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Jenna L. Gavenman (State Bar No. *Pending*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
        jgavenman@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAMIEN PATTERSON, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAZERAC COMPANY, INC.,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Damien Patterson ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Sazerac Company, Inc. ("Defendant").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a putative class action lawsuit on behalf of purchasers of the Fireball Cinnamon malt beverage (the "Malt Product") against Defendant for manufacturing, marketing, distributing, and selling underfilled and mislabeled alcoholic beverages.

2.      Sazerac manufactures, markets, and distributes alcoholic beverages under the brand name "Fireball."  Defendant's Fireball Cinnamon Whisky (the "Whiskey Product") (together with the Malt Product, Defendant's "Alcohol Products") has become "one of the most popular drinks to down – particularly in shot form."[1]  The Whiskey Product is so popular that the brand name "Fireball" has become synonymous with Defendant's Whiskey Product.[2]

3.      Defendant engaged in widespread false and deceptive advertising in connection with its Malt Products.  In a practice that runs contrary to reasonable consumer expectations, Defendant employs a classic bait-and-switch scheme that causes unsuspecting consumers to spend more money for less than the advertised amount of alcohol they believe they are purchasing – and induces them to buy a fundamentally different product entirely.  Specifically, the packaging and labeling of the Malt Products prominently advertise that they are "Fireball Cinnamon" products, which consumers understand to refer to Defendant's Whiskey Products.  However, "Fireball Cinnamon" is not a whiskey product it all; it is a malt beverage with half the alcohol of whiskey.

4.      In this case, Plaintiff purchased a Malt Product that prominently advertises on its front labels that it is "Fireball Cinnamon," and includes the same style of label and logo as Defendant's Whiskey Products.  The Malt Product contains only 16.5% alcohol by volume (ABV), which is half that of Defendant's more popular Whiskey Product (33% ABV).  Thus, the Malt

[1] *See* https://whiskeyraiders.com/article/is-fireball-whiskey/.

[2] *Id.*

Product purchased by Plaintiff contained only half of the alcohol content present in Defendant's Whiskey Product.

5.     Defendant's Whiskey Product[3] is a concoction of whiskey, sweetener, and cinnamon flavoring.  Fireball Whisky has been on the market since the 1980s and is one of the most popular whiskey products in the United States.  Fireball Whisky is found in nearly every well-stocked bar and liquor store.

6.     In contrast, the Malt Product has only been offered for sale for several years, and it enjoys nowhere near the success of Fireball Whiskey.  The vast majority of reasonable consumers do not know that the Malt Product even exists.

7.     Fireball Malt is a "malt beverage with natural whisky & other flavors and caramel color."  At merely half of the Whiskey Product's ABV (*i.e.*, 16.5% ABV compared to 33% ABV), Defendant's Malt Product features a stark difference in alcohol quantity. This is because, as a malt-based beverage, the Malt Product is not "liquor" in the sense that it is not a distilled spirit such as whiskey – which serves as the base for Defendant's Whiskey Product.  Rather, the Malt Product features "malt" as its base, which is boiled like beer and fermented with yeast.[4]  Thus, the Malt Product contains nowhere near the alcohol content of whiskey, and it is not a whiskey product at all.

8.     Despite these key differences, the front labels of Defendant's Whiskey Product and Malt Product are nearly identical.  Both products come in similar clear, plastic bottles.  Both products have the same signature red cap.  Both products have the same coloring and look the same upon inspection.  Both products are labeled "Fireball," with the same font, font size, and placement.  Both products have the same logo of a red demon, with similar size and placement. Both products say "Cinnamon" under the logo:

---

[3] Fireball was developed in Canada, where "whiskey" is spelled "whisky."  Accordingly, the brand is formally called "Fireball Whisky," but in the United States such products are generically referred to as "whiskey."

[4] *See* https://thestir.drizly.com/behind-the-bottle/what-is-malt-liquor/#:~:text=Malt%20liquor%20isn't%20%E2%80%9Cliquor,the%20light%20lager%20beer%20style.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




9.      The nearly-identical labeling between these two products serves one purpose – an intent to deceive reasonable consumers.  Notably, Fireball Malt does not disclose the alcohol percentage (i.e,. ABV) anywhere on the front of the packaging.  Nor is it evident from the labeling that it is not a whiskey product, but rather a malt product, especially to reasonable consumers who are familiar with Fireball's vastly-popular whiskey product.  Based on the nearly identical labels, logo, and branding, reasonable consumers such as Plaintiff would understand these two Alcohol Products to be the same and therefore expect Fireball Cinnamon to be a whiskey product with the alcohol content as whiskey.

10.     In fact, Defendant prepared for reasonable consumers to be confused by its branding, and even included a "How Can I Tell The Difference Between Fireball Cinnamon And Fireball Whisky Products?" question on its website's FAQ page.  Even so, the FAQ does not disclose that Fireball Malt contains only half the alcohol as Fireball Whisky:[5]

## HOW CAN I TELL THE DIFFERENCE BETWEEN FIREBALL CINNAMON AND FIREBALL WHISKY PRODUCTS?

There are 2 key differences between the Fireball Cinnamon labels vs the Fireball Whisky label:

- Any package with Fireball 'Cinnamon **Whisky**' on the front label is our whisky-based product
- Any product with Fireball 'Cinnamon' on the front label, without 'Whisky', is either our malt-based or wine-based product

11.     Despite knowing that its labeling practices were ripe for consumer confusion, Defendant chose to continue to affirmatively misrepresent its Malt Products with labels practically identical to its Whiskey Products.

12.     The amount of ABV in the Malt Product is material to consumers who purchase Defendant's Malt Product.  The Malt Products are marketed as alcoholic beverages under the umbrella branding "Fireball," which is widely known as a whiskey beverage.  The alcohol strength and effects that come from drinking a Malt Product are wildly different than those that come from drinking a Whiskey Product.  Consumers expecting to enjoy a whiskey product are not expecting to receive a malt product.

13.     Thus, reasonable consumers seeking the taste and effects of a Whiskey Product with 33% ABV are harmed by the accidental purchase of a Malt Product at 16.5% ABV.  Nor do reasonable consumers expect to receive a malt beverage when they intend to purchase a whiskey product.

14.     Plaintiff, the Class, and Subclass Members relied to their detriment on Defendant's unclear and fraudulent omissions on its Malt Product labels regarding the strength of alcohol present in each bottle.  Plaintiff and Class and Subclass Members would not have paid to purchase Defendant's Malt Products – or would not have paid as much as they did to purchase them – had they known the truth about the Malt Products' actual alcohol content.  As such, Plaintiff and Class

[5] *See* https://www.fireballwhisky.com/faqs.html.

1    members paid a price premium for the Malt Products, and were induced to purchase an altogether

2    product they had not intended to buy at all.  Plaintiff and Class and Subclass Members thus

3    suffered monetary damages as a result of Defendant's deceptive and false representations and

4    omissions.

5                                          **PARTIES**

6          15.    Plaintiff Damien Patterson is a citizen of California.  In or around August 2022, Mr.

7    Patterson purchased a bottle of Fireball Cinnamon malt for approximately $12.00 from a Bottle

8    Shop retail location located in Grass Valley, California.  Prior to his purchase, Mr. Patterson

9    reviewed the Malt Product's labeling and saw that the bottle was labeled "Fireball Cinnamon."

10   Plaintiff Patterson saw these representations prior to, and at the time of purchase, and understood

11   them as representations that the Fireball Cinnamon Malt Products was, in fact, the same or

12   substantially similar to the Fireball Cinnamon Whiskey Products.  Plaintiff relied on these

13   representations in purchasing the Malt Product, and the alcohol content level was material to

14   Plaintiff Patterson.  Accordingly, these representations and warranties were part of the basis of the

15   bargain in that, had Plaintiff Patterson known that the Malt Products contained half of the alcohol

16   content than Defendant's Whiskey Products – and was not a whiskey at all, but rather a different

17   beverage entirely – he would not have purchased the Malt Product or would have paid significantly

18   less for it.  Plaintiff did not see, nor did he have any reason to see, any purported disclaimers

19   stating that the Malt Product was a malt-based beverage as a separate and distinct product from

20   Defendant's popular whiskey-based beverage.  Plaintiff is susceptible to this reoccurring harm

21   because he cannot be certain that Defendant has corrected this deceptive and false advertising

22   scheme, and he wants to continue to purchase Defendant's Alcohol Products.  Plaintiff greatly

23   enjoys Fireball Whisky, but he currently cannot trust that Defendant will label and/or advertise its

24   Alcohol Products truthfully and accurately.  Plaintiff simply does not have the resources to ensure

25   that Defendant is complying with state and federal law with respect to the labeling and advertising

26   of its Alcohol Products.

27         16.    Defendant Sazerac Company, Inc. is a Louisiana corporation with its principal place

28   of business at 101 Magazine Street, 5th Floor, New Orleans, Louisiana 70130.  Defendant

1   manufactures, markets, sells, and distributes the Malt Products throughout the United States and

2   the State of California.  Defendant sold the Malt Products with the aforementioned representations

3   during the class period.

## JURISDICTION AND VENUE

5   17.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

6   1332(d)(2)(A) because this case is a class action where the aggregate claims of the proposed class

7   exceed $5,000,000.00, exclusive of interests and costs, there are over 100 members of the putative

8   class, and Plaintiff, as well as many members of the proposed class, is a citizen of a state different

9   from Defendant.

10   18.    This Court has personal jurisdiction over Defendant.  Defendant does business in

11   California and has sufficient minimum contacts with this state, including within this District,

12   and/or has otherwise intentionally availed itself of the California consumer market through the

13   promotion, marketing, and sale of its products to residents within this District and throughout

14   California.  Additionally, Plaintiff purchased his Malt Product in California.

15   19.    Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because

16   a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this

17   District.  Also, Plaintiff resides in this District and purchased Defendant's Malt Product in this

18   District.  Moreover, Defendant distributed, advertised, and sold the Malt Product to the members of

19   the Class, which is the subject of the present complaint, in this District.

## CLASS ALLEGATIONS

21   20.    **Nationwide Class Definition:** Plaintiff seeks to represent a class of similarly

22   situated individuals defined as all persons in the United States who have purchased Fireball

23   Cinnamon malt beverages during the applicable statute of limitations period (the "Nationwide

24   Class").

25   21.    **California Subclass Definition:** Plaintiff Patterson seeks to represent a subclass

26   consisting of all Class Members who purchased the Fireball Cinnamon malt beverages in the State

27   of California during the relevant statute of limitations period (the "California Subclass").

28

22.     The Nationwide and California Subclass are collectively referred to as the "Classes."  Subject to additional information obtained through discovery and further investigation, the above-described Classes may be modified or narrowed as appropriate.

23.     **Numerosity (Fed. R. Civ. P. 23(a)(1)):** The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

24.     **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2), 23(b)(3)):** A well-defined community of interest exists in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual members of the Class include:

        (a)     whether the marketing labeling and advertisements for the Malt Products were false and misleading;

        (b)     whether Defendant's conduct was unfair and/or deceptive; and

        (c)     whether Plaintiff and the Classes sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

25.     **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiff's claims are typical of those of the Classes because Plaintiff, like all members of the Classes, were exposed to Defendant's false and misleading marketing, purchased the Malt Product in reliance on Defendant's false and misleading representations, and suffered a loss as a result of that purchase.

26.     **Adequacy (Fed. R. Civ. P. 23(a)(4)):** Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation.  Plaintiff and his counsel are committed to vigorously prosecuting this class action.

1   Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the

2   Classes.  Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the

3   interests of the absent members of the Classes.  Plaintiff has raised viable common-law and

4   statutory claims of the type reasonably expected to be raised by members of the Classes and will

5   vigorously pursue those claims.

6          27.    **Superiority (Fed. R. Civ. P. 23(b)(3)):** The class mechanism is superior to other

7   available means for the fair and efficient adjudication of the claims of Class Members.  Each

8   individual Class Member may lack the resources to undergo the burden and expense of individual

9   prosecution of the complex and extensive litigation necessary to establish Defendant's liability.

10   Individualized litigation increases the delay and expense to all parties and multiplies the burden on

11   the judicial system presented by the complex legal and factual issues of this case.  Individualized

12   litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class

13   action device presents far fewer management difficulties and provides the benefits of single

14   adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

15   Defendant's liability.  Class treatment of the liability issues will ensure that all claims and

16   claimants are before this Court for consistent adjudication of the liability issues.

17   

**COUNT I**
**Violation of Consumers Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 1750, *et seq.***
**(On Behalf Of The California Subclass)**

20          28.    Plaintiff hereby incorporates by reference and re-alleges herein the allegations

21   contained in all preceding paragraphs of this complaint.

22          29.    Plaintiff Damien Patterson brings this claim individually and on behalf of the

23   Members of the proposed California Subclass against Defendant.

24          30.    Defendant violated California's Consumers Legal Remedies Act (the "CLRA") by

25   engaging in the following unfair and deceptive business practices, as alleged above and herein:

26               (a)    Defendant violated Cal. Civ. Code § 1770(a)(5) by representing that the

27                   Malt Products have characteristics that they do not have.

28

(b)     Defendant violated Cal. Civ. Code § 1770(a)(9) by advertising the Malt Products with the intent not to sell them as advertised.

31.     The CLRA was enacted to protect consumers against such practices.  The CLRA applies to Defendant's conduct because the statute covers all sales of goods to consumers.

32.     Plaintiff Patterson and other Members of the California Subclass are "consumers" within the meaning of Cal. Civ. Code § 1761(d).  By purchasing Defendant's Malt Products, Plaintiff Patterson and other Members of the California Subclass engaged in "transactions" within the meaning of Cal. Civ. Code §§ 1761(e) and 1770.

33.     Defendant is a "person" within the meaning of Cal. Civ. Code § 1761(c). Defendant's Malt Products are "goods" within the meaning of Cal. Civ. Code § 1761(a).

34.     Defendant's unfair and deceptive business practices, as alleged above and herein, were intended to and did result in the sale of the Malt Products.

35.     As a direct and proximate result of Defendant's unfair and deceptive business practices, as alleged above and herein, Plaintiff Patterson and other Members of the California Subclass suffered injury and damages in an amount to be determined at trial.

36.     On information and belief, Defendant's unfair and deceptive business practices, as alleged above and herein, were willful, wanton, and fraudulent.

37.     On information and belief, Defendant's officers, directors, and/or managing agents authorized the use of the false and misleading statements and material omissions regarding the alcohol content of Defendant's Malt Products, as alleged above and herein.

38.     Plaintiff Patterson and the California Subclass Members seek to enjoin the unlawful acts and practices described herein.

**COUNT II**
**Violation of Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf Of The California Subclass)**

39.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

40.     Plaintiff Damien Patterson brings this claim individually and on behalf of the

Members of the proposed California Subclass against Defendant.

41.     Defendant violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, by engaging in unfair, fraudulent, and unlawful business practices.

42.     Plaintiff Patterson has standing to pursue this claim because he has suffered an injury-in-fact and has lost money or property as a result of Defendant's unlawful, unfair, and fraudulent conduct.  Specifically, Plaintiff Patterson purchased a Malt Product for his own personal consumption.  In doing so, Plaintiff Patterson relied upon Defendant's false and misleading representations that the Malt Product was actually Defendant's Whiskey Product.  Plaintiff Patterson spent money in the transaction that he otherwise would not have spent had he known the truth about Defendant's labels.

### *"Unfair" Prong of the UCL*

43.     A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.  That unfairness is determined by weighing the reasons, justifications, and motives for the business act or practice against the gravity of the harm to the alleged victims.

44.     Defendant's conduct constitutes an "unfair" business practice because, as alleged herein, Defendant has engaged, and continues to engage, in a false, misleading, and deceptive advertising campaign that misleads consumers into believing that the Malt Products they purchase are actually whiskey products with similar ingredients, composition, and alcohol content in line with a whiskey product and not a malt beverage.

45.     Defendant's conduct, as alleged above and herein, was not motivated by any legitimate business or economic need or rationale, other than to maximize its profits at the expense of consumers.  No legitimate reasons, justifications, or motives outweigh the harm and adverse impact of Defendant's conduct on members of the general consuming public.  Defendant engaged, and continues to engage, in such conduct solely to wrongfully extract monies from consumers, including Plaintiff Patterson, to which Defendant is not entitled.  Defendant could have, but has not, used alternate means of effecting their legitimate business needs, such as by properly and

prominently labeling its Malt Product sufficiently differently from its Whiskey Product to ensure consumers were aware of the stark differences of the beverages within the bottles.

46.     Defendant's conduct harms consumers and hurts market competition.  Defendant's conduct, as alleged herein, is immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff Patterson and Members of the California Subclass because it violates consumers' reasonable expectations.  If Defendant had advertised their Alcohol Products in a non-misleading fashion, Plaintiff and other California Subclass Members could have considered other options for purchasing alcoholic beverages.

***"Fraudulent" Prong of the UCL***

47.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

48.     Defendant has engaged, and continues to engage, in a "fraudulent" business practice by knowingly representing to consumers that the Malt Products they purchase will provide a greater alcohol content than they actually do.  Defendant's conduct deceived Plaintiff Patterson and other California Subclass Members who purchased the Malt Products in reliance on the tried and true Fireball label, and it is highly likely to deceive members of the consuming public because, as alleged above, it violates consumers' reasonable expectations regarding alcohol content.  Such a business practice lacks utility and functions only to maximize Defendant's profits at the expense of its customers.  The gravity of the harm to Plaintiff Patterson and other California Subclass Members, who lost money or property by paying for the Malt Products, far outweighs any benefit of Defendant's conduct.

49.     Further, Defendant's fraudulent business practice will continue to mislead consumers because it will be impossible for consumers to know whether Defendant has stopped misrepresenting the Malt Products until *after* consumers purchase such products.  Accordingly, the risk of harm to Plaintiff Patterson, Members of the California Subclass, and the consuming public is ongoing.

*"Unlawful" Prong of the UCL*

50.     A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

51.     Defendant's business practices, as alleged herein, constitute violations of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"). Specifically, Defendant has unlawfully marketed and advertised its Malt Products in violation of Cal. Civ. Code §§ 1770(a)(5) and 1770(a)(9), as detailed above.

52.     Defendant's business practices also constitute violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* (the "FAL"), as detailed below.

53.     Defendant's unfair, fraudulent, and unlawful business practices, as enumerated and explained above, were the direct and proximate cause of financial injury to Plaintiff Patterson and other Members of the California Subclass.  Defendant has unjustly benefitted as a result of its wrongful conduct.  Accordingly, Plaintiff Patterson and the California Subclass seek an order of this Court that includes, but is not limited to, requiring Defendant to: (a) provide restitution to Plaintiff and other California Subclass Members; (b) disgorge all revenues obtained as a result of their violations of the UCL; (c) pay attorneys' fees and costs for Plaintiff and the California Subclass.

<u>COUNT III</u>
**Violation of False Advertising Law,**
**Cal. Bus. & Prof. Code § 17500, *et seq.***
**(On Behalf Of The California Subclass)**

54.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

55.     Plaintiff Damien Patterson brings this claim individually and on behalf of the Members of the proposed California Subclass against Defendant.

56.     Defendant violated California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 by publicly disseminating false, misleading, and/or unsubstantiated advertisements regarding its Malt Products as alleged above and herein.

57.     Plaintiff Patterson has standing to pursue this claim because he has suffered an injury-in-fact and has lost money or property as a result of Defendant's false advertising. Specifically, Plaintiff Patterson purchased a Malt Product for his own personal consumption.  In doing so, Plaintiff Patterson relied upon Defendant's false, and misleading representations that the Malt Products are actually whiskey products with similar ingredients, composition, and alcohol content in line with a whiskey product and not a malt beverage.  Plaintiff Patterson spent money in the transaction that he otherwise would not have spent had he known the truth about Defendant's advertising claims.

58.     Defendant disseminated false and misleading advertisements to increase the sales of its Malt Products.

59.     Defendant knew or should have known that the advertisements for its Malt Products were false and/or misleading.

60.     Defendant knew or should have known that consumers, including Plaintiff Patterson and other Members of the California Subclass, would believe that the Malt Products are actually whiskey products with similar ingredients, composition, and alcohol content in line with a whiskey product and not a malt beverage.

61.     Plaintiff Patterson and Members of the California Subclass have suffered harm as a result of Defendant's violations of the FAL because they paid monies for the Malt Products that they would not have paid but for Defendant's false and misleading advertisements.

62.     Accordingly, Plaintiff Patterson and Members of the California Subclass seek an order of this Court that includes, but is not limited to, requiring Defendant to: (a) provide restitution to Plaintiff and other California Subclass Members;  (b) disgorge all revenues obtained as a result of its violations of the FAL; (c) pay attorneys' fees and costs for Plaintiff and the California Subclass.

**COUNT IV**
**Fraud**
**(On Behalf Of The Classes)**

63.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

65.     This claim is brought under the laws of the State of California.

66.     As alleged above, Defendant provided Plaintiff and Class members with false or misleading material information about the Malt Product, including that it is a whiskey product with similar ingredients, composition, and alcohol content in line with a whiskey product and not a malt beverage.

67.     These misrepresentations were made with knowledge of their misleading nature, as evidenced by the fact that Defendant merely replicated its Whiskey Product's label for use on its Malt Product without obvious clarifiers on the front-facing representations concerning the alcohol content of the Malt Product, or any conspicuous disclosure that it was a different product altogether.

68.     The misrepresentations made by Defendant, upon which Plaintiff and members of the Classes reasonably and justifiably relied, were intended to induce, and actually induced Plaintiff and Class members to purchase the Malt Product.

69.     The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**COUNT V**
**Fraudulent Omission**
**(On Behalf Of The Classes)**

70.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

71.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

72.     This claim is based on fraudulent omissions concerning the quality of the Malt Product.  As discussed above, Defendant failed to adequately disclose the difference between its Malt Product and its Whiskey Product.

73.     The false and misleading omissions were made with knowledge of their falsehood. Defendant is a nationwide alcoholic beverage company who knew of reports of confusion between its two Fireball products.  Nonetheless, Defendant continued to sell its Malt Products to unsuspecting consumers.

74.     The false and misleading omissions were made by Defendant, upon which Plaintiff and members of the proposed Classes reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Classes to purchase the Malt Product.

75.     The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Classes, who are entitled to damages and punitive damages.

**COUNT VI**
**Unjust Enrichment**
**(On Behalf Of The Classes)**

76.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

77.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

78.     Plaintiff and members of the Classes conferred benefits on Defendant by purchasing the Malt Product.

79.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class and Subclass Members' purchases of the Malt Product.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant failed to disclose that the Malt Product contained half the alcohol content of its Whiskey Product, or that it was a different type of beverage altogether.  These omissions caused injuries to Plaintiff and members of the Classes because they would not have purchased the Malt Product or would not have paid as much for the Malt Product if the true facts were known.

80.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

**COUNT VII**
**Breach of Express Warranty**
**(On Behalf Of The Classes)**

81.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

82.     Plaintiff Damien Patterson brings this claim individually and on behalf of the Members of the proposed Classes against Defendant.

83.     As the designer, manufacturer, marketer, distributor, and/or seller of Malt Products, Defendant issued an express warranty by representing to consumers at the point of purchase that each Malt Product would contain a certain alcohol content and that it was a beverage identical to, or similar to, Fireball Whisky.  Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Members of the Class and Subclass.

84.     In fact, the Malt Products do not conform to Defendant's representations about alcohol content.  Each Malt Product contains half the advertised alcohol content.  By falsely representing the Malt Products in this way, Defendant breached express warranties.

85.     As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class and Subclass were injured because they: (1) paid money for Malt Products that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Malt Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Malt Products they purchased had less value than what Defendant represented.  Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and Class and Subclass Members would not have purchased the Malt Products or would not have paid as much as they did for them.

**COUNT VIII**
**Breach of Implied Warranty**
**(On Behalf Of The Classes)**

86.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

87.     Plaintiff Damien Patterson brings this claim individually and on behalf of the Members of the proposed Classes against Defendant.

88.     Defendant routinely engages in the manufacture, distribution, and/or sale of Malt Products and is a merchant that deals in such goods or otherwise holds itself out as having knowledge or skill particular to the practices and goods involved.

89.     Plaintiff Patterson and Members of the Class and California Subclass were consumers who purchased Defendant's Malt Products for the ordinary purpose of such products.

90.     By representing that the Malt Products would contain a certain alcohol percentage, and via false and misleading labeling by representing the Malt Products as akin to Fireball Whisky, Defendant impliedly warranted to consumers that the Malt Products were merchantable, such that they were of the same average grade, quality, and value as similar goods sold under similar circumstances (*i.e.*, whiskey).

91.     However, the Malt Products were not of the same average grade, quality, and value as similar goods sold under similar circumstances.  In fact, they are not whiskies at all.  Thus, they were not merchantable and, as such, would not pass without objection in the trade or industry under the contract description.

92.     As a direct and proximate result of Defendant's breach, Plaintiff Patterson and Members of the Class and California Subclass were injured because they paid money for Malt Products that would not pass without objection in the trade or industry under the contract description.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated:  January 24, 2023                 **BURSOR & FISHER, P.A**.

By:  ___*/s/ Neal J. Deckant*___
                                          Neal J. Deckant

Neal J. Deckant (State Bar No. 322946)
Jenna L. Gavenman (State Bar No. *Pending*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
            jgavenman@bursor.com

*Attorneys for Plaintiff*

1

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

2

I, Neal J. Deckant, declare as follows:

3

1.      I am an attorney at law licensed to practice in the State of California and a member

4

of the bar of this Court.  I am a Partner at Bursor & Fisher, P.A., counsel of record for Plaintiff

5

Damien Patterson in this action.  Plaintiff Patterson alleges he is a citizen of Nevada City,

6

California, Nevada County.  I have personal knowledge of the facts set forth in this declaration

7

and, if called as a witness, I could and would competently testify thereto under oath.

8

2.      The Complaint filed in this action is filed in the proper place for trial under Civil

9

Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred

10

in this District.

11

I declare under the penalty of perjury under the laws of the State of California and the

12

United States that the foregoing is true and correct and that this declaration was executed at Walnut

13

Creek, California, this 24th day of January, 2023.

14

15

                    */s/ Neal J. Deckant*
                    Neal J. Deckant

16

17

18

19

20

21

22

23

24

25

26

27

28